☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No.23-998M(NJ)
two electronic devices, which are currently in law enforcement )
possession, and the extraction from those electronic devices )
of electronically stored information described in Attachment B. )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 10/17/2023 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 10/3/2023 @ 10:48 a.m. _____

*Judge's Signature*

City and state: _____Milwaukee, WI_____     Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

---

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

The property to be searched are 1 white iPhone, no case with IMEI#8901410733/3883024467/180892, no serial number visible, and 1 black iPhone, no case with IMEI# 8901260267/756428109/191.04 with no visible serial number. The Devices are currently located at 3600 S. Lake Dr, St. Francis, WI 53235.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Devices described in Attachment A that relate to violations of

18 U.SC. §§ 371, 641 (theft of government funds), 1343 (wire fraud), and 1344 (bank fraud) and

involve Romaine Hawthorne since May 10, 2023, including:

   a.   Records related to bank fraud, wire fraud or similar schemes involving counterfeit
        checks, or misuse of bank accounts;

   b.   lists of co-conspirators and related identifying information;

   c.   any information recording Hawthorne's schedule or travel from May 10, 2023 to
        the present;

   d.   all bank records, checks, credit card bills, account information, and other financial
        records.

2.      Evidence of user attribution showing who used or owned the Devices at the time

the things described in this warrant were created, edited, or deleted, such as logs, phonebooks,

saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored

information seized or copied pursuant to this warrant in order to locate evidence, fruits, and

instrumentalities described in this warrant.  The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>two electronic devices, which are currently in law enforcement<br>possession, and the extraction from those electronic devices of<br>electronically stored information described in Attachment B. | )<br>)<br>)<br>)<br>)<br>)     Case No. 23-998M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 641 | Theft of Government Funds |
| 18 U.S.C. § 1343 | Wire Fraud |
| 18 U.S.C. § 1344 | Bank Fraud |

The application is based on these facts:

Please see attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Kristian P. Perales    Digitally signed by Kristian P. Perales
Date: 2023.10.02 09:55:17 -05'00'

*Applicant's signature*

Kristian P. Perales, Task Force Officer, FBI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ TELEPHONE _____ *(specify reliable electronic means)*.

Date: 10/3/2023

*Judge's signature*

City and state: Milwaukee, WI     Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
### WARRANT TO SEARCH AND SEIZE

I, Kristian P. Perales, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Task Force Agent with the Federal Bureau of Investigation, ("FBI") Milwaukee Area Safe Streets Task Force, and have been since April 2020.  In August 2000, Affiant graduated from the Wisconsin State Patrol Academy.  As an FBI TFO, Affiant has conducted numerous investigations of unlawful drug distribution, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.  As part of these investigations, Affiant has conducted or participated in electronic and physical surveillance, surveillance of confidential informants, the introduction of confidential informants, the execution of search warrants, debriefings of cooperating sources, and reviews of taped conversations and drug records.  Through Affiant's training, education, and experience, Affiant became familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs.  In addition, Affiant has conducted follow-up investigations concerning the concealment of assets, money, and bank records, and the identification of co-conspirators

through the use of ledgers, telephone bills and records, photographs, and bank checks, all as related to drug trafficking.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.      The property to be searched is a 1 white iPhone, and 1 black iPhone, serial numbers are not visible on the phones.  The white iPhone has IMEI# 8901410733/3883024467/180892, the black iPhone has IMEI# 8901260267/756428109/191.04. The Devices are currently located at 3600 S. Lake Drive, St. Francis, WI 53235.

5.      The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

**PROBABLE CAUSE**

6.      Since June of 2020, case agents with the FBI in coordination with the Milwaukee Police Department ("MPD") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), have been investigating identified members of the violent street gang, Wild 100s, aka, Shark Gang, including Romaine Hawthorne, for federal firearms offenses, drug offenses, and fraud offenses.

7.      Case agents have reviewed the criminal history of Romaine Martell Hawthorne. Hawthorne is currently under indictment as of April 25, 2023, case number 23-CR-77-JPS, for possession of a machine gun with conversion device and now is prohibited from possessing firearms under Federal law.

8.      Case agents reviewed the publicly viewable posts on the "realhaulin" Instagram page and found photographs of Hawthorne with other people with what appear to be firearms.

9.      As of August 2023, Romaine Hawthorne posted a photograph of himself on his Instagram page.  Romaine Hawthorne utilizes the Instagram name "Realhaulin".  Case agents know this as he posts pictures of himself, and agents have compared photos posted to that page with photographs of Hawthorne in law enforcement data bases, including booking photos, that this is the same person.  Please see the below photograph.

3



10.     Romaine Hawthorne, along with 29 other co-defendants, was indicted on April

25, 2023, by the federal grand jury for the Eastern District of Wisconsin on charges of possession

of a machine gun.  On May 10, 2023, state and federal agents executed arrest warrants on

Hawthorne's co-defendants.[1] They were unable to locate Hawthorne at that time.  Romaine

Hawthorne evaded apprehension by law enforcement for approximately four months, and knew

---

[1] Although Hawthorne's name was redacted from the indictment while agents were searching for him, news of his co-defendants' arrest was very public. *See, e.g.*, https://www.wisn.com/article/video-fbi-raids-home-in-milwaukee-armored-vehicle-and-flash-bangs/43849738#; *see also*, "Members of Milwaukee Street Gang 'Wild 100's' Charged with Mail Fraud, Accused of Stealing Millions, plotting a Murder", MILWAUKEE JOURNAL SENTINEL, online, (May 10, 2023), available at: https://www.jsonline.com/story/news/crime/2023/05/10/30-members-of-milwaukee-street-gang-wild-100s-charged/70205906007/

he was wanted (see below). While on the run, Romaine Hawthorne continued to post on his Instagram name "realhaulin" displaying his activities.

11.     In August of 2023, Romaine Hawthorne posted on his Instagram page a music video called "BigHaulin On The Run," which post was publicly viewable. Case agents believe this song to be about being on the run from arrest. Picture set forth below.



12.     Since being on the run, Romaine Hawthorne posted solicitations for mobile banking scams on his Instagram "story". Based on their experience, including investigating other members of the Wild 100's for similar fraudulent schemes, case agents know this scam to be one in which fraudsters use people's personal information for access to bank accounts. Many banks or credit unions (listed in picture below) will allow a portion of the funds to be available

5

for withdrawal following deposit. After depositing a fraudulent check, the fraudster will then withdraw as much money from ATMs as possible before the account or transaction gets shut down. Someone utilizing Hawthorne's Instagram page, and using a cellular device, solicited individuals having the following credit unions to assist him in his scheme. Picture set forth below:



13.     As an example of how the scheme worked, and using a cellular device, Romaine Hawthorne posted on his Instagram "story" a picture of a receipt, showing when a portion of the money will be available for withdrawal following his deposit:

7



14. As proceeds of these mobile banking scams were used for purchasing goods and services, Romaine Hawthorne posted pictures of himself with large amounts of US Currency, and jewelry that were purchased with these fraudulently obtained funds. It should be noted that

according to the U.S. Department of Labor, no wages have been reported for Hawthorne since 2019:



15.     The Devices are currently in the lawful possession of the FBI.  They came into the FBI's possession in the following way:  On September 22, 2023, Romaine Hawthorne was arrested by the United States Marshal Service in Sacramento, CA.  When Hawthorne was taken into custody, two cellular telephones were on his person.  As stated above, Hawthorne posted photographs of his fraudulent scheme, and solicited third parties to aid him in his scheme using a cell phone.  In addition, Hawthorne posted multiple pictures of himself and others with cash and jewelry. In my experience, criminals will often post pictures of themselves engaged in illegal activity on social media using their cell phone.

9

16.     Based on my training and experience, including experience investigating the Wild 100's, case agents believe that inside these two cellular telephones, will contain further evidence of crimes that he has been currently indicted and contain evidence of mobile banking scams. Therefore, while the FBI might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

17.     The Devices are currently in storage at 3600 S. Lake Dr, St. Francis, WI 53235. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the FBI.

## TECHNICAL TERMS

18.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing

10

names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite

11

contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d.    PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

e.    IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).

12

Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

f.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

19.  Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at www.apple.com I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

g.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

h.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

i.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

j.    The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is

14

evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

k. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

l. I know that when an individual uses an electronic device to commit certain crimes, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

15

23.     *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## <u>CONCLUSION</u>

24.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

## ATTACHMENT A

The property to be searched are 1 white iPhone, no case with IMEI#8901410733/3883024467/180892, no serial number visible, and 1 black iPhone, no case with IMEI# 8901260267/756428109/191.04 with no visible serial number.  The Devices are currently located at 3600 S. Lake Dr, St. Francis, WI 53235.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.      All records on the Devices described in Attachment A that relate to violations of 18 U.SC. §§ 371, 641 (theft of government funds), 1343 (wire fraud), and 1344 (bank fraud) and involve Romaine Hawthorne since May 10, 2023, including:

     a.   Records related to bank fraud, wire fraud or similar schemes involving counterfeit checks, or misuse of bank accounts;

     b.   lists of co-conspirators and related identifying information;

     c.   any information recording Hawthorne's schedule or travel from May 10, 2023 to the present;

     d.   all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.